```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

WOODROW UNDERWOOD,

                Petitioner,

vs.                              Case No. 2:07-cv-634-FtM-36SPC

SECRETARY, DOC,

                Respondent.
_____/

## **OPINION AND ORDER**

### **I. Status**

Petitioner Woodrow Underwood (hereinafter "Petitioner" or "Underwood") initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) pursuant to 28 U.S.C. § 2254 on October 1, 2007.[1] Petitioner challenges his plea-based convictions entered in the Twelfth Judicial Circuit Court, DeSoto County, Florida. Petition at 1. Respondent filed a Response (Doc. #11, Response) and supporting exhibits (Docs. #13-#14), including Petitioner's post-conviction motions and hearing transcripts. Petitioner filed a Reply (Doc. #21, Reply). This matter is ripe for review.

---

[1] The Petition (Doc. #1) was docketed and filed with the Court on October 1, 2007. The Court always applies the "mailbox rule" and deems the Petition "filed on the date it was delivered to prison authorities for mailing," but in this case there is no stamp showing when Petitioner presented the petition to prison officials for mailing. Alexander v. Sec'y Dep't of Corr., 523 F.3d 1291, 1294 n.4 (11th Cir. 2008).

## II.  Procedural History

Petitioner was charged by Information with the sale and possession of cocaine in case number 2002-CF-00275, sale and possession of cocaine in case number 2004-CF-000301, and attempted introduction of drugs into a detention facility in case number 2005-CF-000489.  Petitioner was also charged with misdemeanors in case numbers 2001-MM-000511, 2002-MM000354, 2002-MM-000146, 2004-MM-440.  See Petition at 2; Exh. 2; Response at 2.

Petitioner, represented by counsel, entered a *nolo contendere* plea to all charges on November 10, 2005.  Exh. 1 at 7.  The court found that Petitioner freely and voluntarily entered the plea agreement.  Id. at 8-9.  In accordance with the terms of the plea agreement, the court sentenced Petitioner to a concurrent three-year prison sentence on the cocaine sale and possession of cocaine counts and on the attempt to introduce contraband into a detention facility count.  Id. at 9-10;  Exh. 2.  The court also sentenced Petitioner to time served for each of the misdemeanor cases.  Exh. 1 at 9.

Petitioner did not file a direct appeal concerning his convictions or sentences. However, on April 28, 2006, Petitioner filed a *pro se* post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.850 (hereinafter "Rule 3.850 motion").  Exh. 3.  Petitioner then filed an Amended Rule 3.850 motion and a Second Amended Rule 3.850 motion.  Exhs. 4-5.  The Rule 3.850 motions

raised five grounds for relief based on trial counsel's alleged ineffective assistance. The post-conviction court issued an order summarily denying all of Petitioner's five claims for relief on March 23, 2006. Exh. 6.

Petitioner appealed the post-conviction court's order of denial. The appellate court entered an order *per curiam* affirming the post-conviction court's order on August 1, 2007. Exh. 7; Underwood v. State, 963 So. 2d 239 (Fla. 2d DCA 2007). Petitioner moved for a rehearing, but the appellate court denied Petitioner's motion.

Petitioner initiated this action by filing a timely[2] Petition, raising the following five grounds for relief:[3]

> 1) trial counsel rendered ineffective assistance for failing to challenge Petitioner's charges due to the trial court's failure to appoint counsel at the first appearance;
>
> 2) trial counsel rendered ineffective assistance for failing to challenge the grievances and request forms Petitioner submitted to jail authorities concerning ground one;
>
> 3) trial counsel rendered ineffective assistance for failing to obtain and provide Petitioner with copies of depositions and other discovery;

---

[2]Respondent does not argue that the Petition was filed untimely under 28 U.S.C. § 2244(d). The Court independently finds the Petition was timely filed in this Court.

[3]Ground five contains three separate subparts. However, two of the subparts are repetitious of the other grounds raised in the Petition and contain no additional supporting facts. Thus, the Court addresses only the new claim raised in ground five.

> 4) trial counsel rendered ineffective assistance for failing to file a motion to withdraw the plea;
>
> 5) the State violated the plea agreement when, contrary to Petitioner's understanding, he had to serve more than seven months on his sentences.

Petition at 1-40.

In Response, Respondent argues that Petitioner waived grounds one, two, three, and five by his entry of a *nolo contendere* plea. Response at 5. Respondent asserts that the entry of a knowing and voluntary plea agreement bars Petitioner from seeking federal relief on his claims arising prior to the entry of a plea agreement. Id. at 5-6. With regard to ground four, Respondent refers the Court to the post-conviction court's order denying Petitioner relief on this claim and argues that the Court should also deny Petitioner relief on this claim. Id. at 16-18. In Reply, Petitioner, *inter alia*, claims he was coerced into entering the plea agreement. Reply at 3.

## IV. Applicable § 2254 Law

The Petition is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996). Penry v. Johnson, 532 U.S. 782, 792 (2001); Davis v. Jones, 506 F.3d 1325, 1331, n.9 (11th Cir. 2007).

A federal court may entertain an application for a writ of habeas corpus from a state prisoner who claims his custody violates the "Constitution or the laws or treaties of the United States." 28 U.S.C. § 2254(a). Questions of state law are generally

insufficient to warrant review or relief by a federal court under § 2254. Estelle v. McGuire, 502 U.S. 62, 68 (1991); Carrizales v. Wainwright, 699 F.2d 1053, 1055 (11th Cir. 1983); Cabberiza v. Moore, 217 F.3d 1329, 1333 (11th Cir. 2000). Questions of state law are only reviewed to determine whether the alleged errors rendered "the entire trial fundamentally unfair." Carrizales, 699 F.2d at 1055.

Where a petitioner's claim raises a federal question that was adjudicated on the merits in the state courts, the federal court must afford a high level of deference to the state court's decision. See Ferguson v. Culliver, 527 F.3d 1144, 1146 (11th Cir. 2008). Habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). See Brown v. Payton, 544 U.S. 133, 141 (2005); Price v. Vincent, 538 U.S. 634, 638-39 (2003). A state court's summary rejection of a claim, even without explanation, qualifies as an adjudication on the merits which warrants deference. Ferguson, 527 F.3d at 1146; Wright v. Sec'y Dep't of Corrections, 278 F.3d 1245, 1253-54 (11th Cir. 2002). See also

Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005).

"Clearly established federal law" consists of the governing legal principles, rather than the *dicta*, set forth in the decisions of the United States Supreme Court at the time the state court issues its decision. Carey v. Musladin, 549 U.S. 70, 127 S. Ct. 649, 653 (2006)(citing Williams v. Taylor, 529 U.S. 362, 412 (2000)). In cases where nothing in the Supreme Court's jurisprudence addresses the issue on point or the precedent is ambiguous and gives no clear answer to the question, it cannot be said that the state court's conclusion is contrary to, or constitutes an unreasonable application of, "clearly established Federal law." Wright v. Van Patten, 128 S. Ct. 743, 747 (2008); Mitchell v. Esparza, 540 U.S. 12, 15-16 (2003).

A state court decision can be deemed "contrary to" the Supreme Court's clearly established precedents within the meaning of § 2254(d)(1) only if: (1) the state court applies a rule that contradicts the governing law as set forth in Supreme Court cases, or (2) the state court confronts a set of facts that is "materially indistinguishable" from those in a decision of the Supreme Court and yet arrives at a different result. Brown, 544 U.S. at 141; Mitchell, 540 U.S. at 15-16. Further, it is not mandatory for a state court decision to cite, or even to be aware of, the relevant Supreme Court precedents, "so long as neither the reasoning nor the

result . . . contradicts them." Early v. Parker, 537 U.S. 3, 8 (2002); Mitchell, 540 U.S. at 16.

A state court decision involves an "unreasonable application" of the Supreme Court's precedents if the state court correctly identifies the governing legal principle but applies it to the facts of the petitioner's case in an objectively unreasonable manner, Brown, 544 U.S. at 134; Bottoson v. Moore, 234 F.3d 526, 531 (11th Cir. 2000), cert. denied, 534 U.S. 956 (2001); or, "if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Bottoson, 234 F.3d at 531 (quoting Williams, 529 U.S. at 406). The "unreasonable application" inquiry "requires the state court decision to be more than incorrect or erroneous"; it must be "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63, 75-77 (2003) (citation omitted); Mitchell, 540 U.S. at 17-18. Depending upon the legal principle at issue, there can be a range of reasonable applications. Yarborough v. Alvarado, 541 U.S. 652, 663-64 (2004). Thus, the state court's decision is not subject to federal review *de novo*; rather, § 2254(d)(1) relief is only available upon a showing that the state court decision meets the "objectively unreasonable" standard. Id. at 665-66.

A § 2254 petitioner can also obtain relief by showing that a state court decision "was based on an unreasonable determination of the facts in light of the evidence presented." 28 U.S.C. § 2254(d)(2). Where the credibility of a witness is at issue, relief may only be granted if it was unreasonable, in light of the evidence presented, for the state court to credit the testimony of the witness in question. Rice v. Collins, 546 U.S. 333, 338 (2006). Additionally, a factual finding by a state court is presumed to be correct and a petitioner must rebut this "presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Miller-El v. Dretke, 545 U.S. 231, 240 (2005); Henderson, 353 F.3d at 890-91. This statutory presumption of correctness, however, "applies only to findings of fact made by the state court, not to mixed determinations of law and fact." Parker v. Head, 244 F.3d 831, 836 (11th Cir. 2001), cert. denied, 534 U.S. 1046 (2001) (citation omitted). An ineffective assistance of counsel claim is a mixed question of law and fact; therefore, the presumption does not apply and such claims are reviewed *de novo*. Rolling v. Crosby, 438 F.3d 1296, 1299 (11th Cir.), cert. denied sub nom. Rolling v. McDonough, 126 S. Ct. 2943 (2006).

Ineffective assistance of counsel claims are reviewed under the standards established by 28 U.S.C. § 2254(d). Newland v. Hall, 527 F.3d 1162, 1183 (11th Cir. 2008). Post-AEDPA, the standard set forth in Strickland v. Washington, 466 U.S. 668 (1984), remains

applicable to the claims of ineffective assistance of counsel raised in this case. Newland, 527 F.3d at 1184. In advising a defendant about a plea agreement, defense counsel must provide advice "within a range of competence demanded of attorneys in criminal cases." Hill v. Lockhart, 474 U.S. 52, 56-57 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). Legal representation in this scenario is ineffective only if counsel commits "serious derelictions" of his duty when advising the accused." Stanno v. Dugger, 921 F.2d 1125, 1150-51 (11th Cir. 1991). Absent such blatant error, the court should "indulge a strong presumption that counsel's conduct fell within a wide range of reasonably professional assistance." Yordon v. Dugger, 909 F.2d 474, 477 (11th Cir. 1990). A court must "judge the reasonableness of counsel's conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Roe v. Flores-Ortega, 528 U.S. 470, 477 (2000)(quoting Strickland, 466 U.S. at 690).

### IV. Analysis

This Court has carefully reviewed the record and concludes no evidentiary proceedings are required in this Court. Schriro v. Landrigan, 550 U.S. 465, 127 S. Ct. 1933, 1939-40 (2007). Petitioner does not proffer any evidence that would require an evidentiary hearing, Chandler v. McDonough, 471 F.3d 1360 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court. Schriro,

127 S. Ct. at 1940; Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

Petitioner claims that trial counsel rendered ineffective assistance by: failing to challenge his initial appearance when Petitioner allegedly appeared without the assistance of appointed counsel at the initial appearance (ground one), failing to challenge the inmate grievances and request forms Petitioner submitted at the jail concerning the purported failure to appoint counsel at initial appearance (ground two), and failing to provide Petitioner with copies of depositions and discovery (ground three). In all three grounds, Petitioner challenges incidents that occurred prior to the entry of his plea.

It is well established that "'a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked.'" U.S. v. Broce, 488 U.S. 563, 574 (1989)(quoting Mabry v. Johnson, 467 U.S. 504, 508 (1974)). Similarly, the Eleventh Circuit Court of Appeal has ruled that "[a] defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained." Wilson v. U.S., 962 F.2d 996, 997 (11th Cir. 1992)(citing Bradbury v. Wainwright, 658 F.2d 1083, 1087 (5th Cir. Unit B. 1981)); see also Hutchins v. Sec'y Dep't. of Corrections, 273 Fed. Appx. 777 (11th Cir. 2008)(affirming district

court's dismissal of a petition challenging effectiveness of counsel when the plea was knowingly and voluntary entered). A guilty plea precludes claims of constitutional deprivations occurring prior to entry of the plea. Tollett v. Henderson, 411 U.S. 258, 267 (1973). A plea of *nolo contedere* has the same legal effect in a criminal proceeding as a guilty plea. Carter v. Gladish, Case No. 8:03cv1194T17TBM, 2005 WL 1712263 *9 (M.D. Fla. 2005)(noting under Florida law a plea of *nolo contendere* has the same legal effect in a criminal proceeding as a guilty plea).

In grounds one, two, and three, Petitioner does not challenge the voluntary and knowing nature of the entry of his *nolo contendere* plea. Consequently, Petitioner waived these grounds when he entered his plea.

The Court finds that Petitioner's plea was knowingly and voluntarily entered. In pertinent part, the record reflects the following transpired at the plea colloquy:

> MR. BUCKMAN: This is Mr. Underwood's plea form, he's signed it and I believe that it represents what we discussed, and he's ready to be sworn.
>
> THE DEFENDANT: Yeah.
>
> THE COURT: And, Mr. Underwood, pursuant to all these discussions which I've heard between you and the State and your attorney, it's my understanding that you wish to plead no contest pursuant to the plea negotiations; is that correct:
>
> THE DEFENDANT: Yes, sir.
>
> THE COURT: You're doing this freely and voluntarily?

THE DEFENDANT: Yeah.

THE COURT: I have here the felony plea form, and on this last page, did you sign this?

THE DEFENDANT: Yeah, that's me.

THE COURT: And did you sign this freely and voluntarily?

THE DEFENDANT: Yeah. I waive my lawsuits, I waive my lawsuits.

THE COURT: Did you sign this freely and voluntarily?

THE DEFENDANT: Yeah, yeah, I did.

THE COURT: You understand each and every right you're waiving by signing this?

THE DEFENDANT: Yeah, I do. I hate to do it, I had to do it.

THE COURT: You understand all the rights you're waiving?

THE DEFENDANT: I'm straight, it's cool, yeah.

THE COURT: Do you have any questions about the content of this document or your rights you're waiving whatsoever?

THE DEFENDANT: No, I'm ready to go on up and get on back.

THE COURT: All right. We'll accept the pleas of–

THE DEFENDANT: Thank you, Your Honor.

THE COURT: Wait a minute. I find you made these pleas freely and voluntarily. I also find that you freely and voluntarily signed the felony plea form and you understand the contents therein. And pursuant to the negotiations, you'll be adjudicated guilty as to each case, each count, and pursuant to the negotiations, as to the felony counts, you'll be sentenced to a concurrent 36 months in the Department of Corrections, time served for the misdemeanors.

Exh. 1 at 8-10.

The record in this case demonstrates that Petitioner entered his plea knowingly and voluntarily. See Exh. 1. The Court finds Petitioner was informed of the charges against him and was informed that he faced a thirty-year sentence as a habitual offender if he proceeded to trial and was found guilty by a jury. Id. at 2. The record supports a finding that defense counsel discussed the nature of the charges and the plea offers with Petitioner. Petitioner initially refused the State's first plea offer of 29 months, but on the eve of trial decided to take the later plea offer of 36 months. See Id.

Petitioner further claims that he "misunderstood" the plea agreement because he thought he was only going to serve seven months on his sentences. Petition at 40. The record refutes Petitioner's allegations of misunderstanding. Exh. 1 at 9. Prior to entry of the plea during the colloquy, defense counsel explained on the record that it was his client's understanding that if the court accepted the plea, then Petitioner would serve 36 months in prison on the felony counts and time served on the misdemeanor counts. Exh. 1 at 7. Again, after Petitioner tendered his plea, the judge discussed the terms of his sentence and specifically explained that Petitioner would be serving a 36 month sentence in prison. Id. at 9. Thus, the record is clear that Petitioner understood that he was going to be sentenced for 36 months, not seven months. Petitioner, in his Reply, claims in conclusory terms

that he was "coerced" to enter the plea agreement. Reply at 1. Petitioner includes no facts whatsoever describing how he was "coerced" into entering the plea agreement. Conclusory allegations are insufficient. Wilson, 962 F.2d at 998. Moreover, Petitioner's solemn declarations in open court carry a strong presumption of verity. Jones v. White, 992 F.2d 1548, 1556 (11th Cir. 1993). Based on the foregoing, the Court finds grounds one, two, three and five are precluded from federal review based on Petitioner's knowing and voluntary plea of *nolo contendere*.

In ground four, Petitioner argues that counsel rendered ineffective assistance for failing to move to withdraw the plea on grounds that the plea was entered involuntarily. Petition at 37. In support of his claim, Petitioner avers that defense counsel's failure to participate in the plea discussions between the prosecutor and the judge prejudiced him because he did not understand the nature of the charges and the consequences of the plea. Id. Additionally, Petitioner submits that he did not know which criminal cases were included in his plea. Id. Lastly, Petitioner avers that defense counsel informed him, after he entered the plea, that he had miscalculated his sentence and that the prosecutor rejected his plea offer of "eighteen months county jail credit time served." Id. Petitioner argues that had defense counsel advised him of the "sentencing errors" before he entered the plea, he would have "insisted upon his right to trial." Id. at

38. In Response, Respondent directs the Court to the post-conviction court's order denying Petitioner relief on this claim. Response at 16.

As stated by Respondent, Petitioner raised this claim in his Rule 3.850 motion. The post-conviction court denied Petitioner relief on this claim finding the claim without merit. Exh. 6. In pertinent part, the post-conviction court ruled:

> The Court finds that [Underwood's] allegations are not legally sufficient grounds upon which a motion to withdraw a plea may be filed. *See* Fla. R. Crim. P. 3.170(1)(a defendant entering a nolo contendere plea may file a motion to withdraw the plea within thirty days of rendition of sentence based solely upon the grounds listed in Fla. R. App. P. 9.140(b)(2)(A)(ii)(a)-(e))

Exh. 6 at 5. Nevertheless, the post-conviction court's order also turned to the merits of Petitioner's claims and denied Petitioner relief. With regard to Petitioner's allegations that defense counsel rendered ineffective assistance by failing to participate in the plea discussions between the State and the Judge, the post-conviction court found:

> The record reveals that upon commencement of the November 10th hearing, defense counsel stated that the Defendant [Underwood] wanted to speak directly to the State regarding a plea without his involvement or input. Although most of the discourse occurred between the State and the Defendant, the record reveals that defense counsel did participate for purposes of clarifying the Defendant's understanding regarding the charges to which he was pleading and the reason he was arrested after having posted bond. Thus, the record clearly refutes the Defendant's claims. *See* Fla. R. Crim. P. 3.850(d)(where the court record conclusively refutes the movant's claims, the motion shall be denied).

> Moreover, the Florida Constitution provides that an accused has the right to be heard in person, by counsel, or both. In his case, the Defendant exercised his constitutional right to be heard throughout the hearing. He may not now raise a claim of ineffective assistance of counsel regarding the same issue upon which he exercised his constitutional right. The Court finds this claim is without merit and, it is, therefore, denied.

Exh. 6 at 5-6. With regard to Petitioner's claims that defense counsel rendered ineffective assistance by advising him later that he was also sentenced in cases 14-2002-CF-000275, 14-2004-CF-00031, the post-conviction court found that "the record clearly refutes these allegations" and denied Petitioner relief. Id. at 6. Lastly, the post-conviction court addressed Petitioner's claims that trial counsel rendered ineffective assistance by informing him that the county jail time had been miscalculated and that the State rejected the accurate amount served, finding:

> Despite [Underwood's] allegations, interestingly enough, the transcript and the clerk's notations in the court file reflect that, prior to the entry of judgment and sentence, in case 2005-CF-489, the State informed the Court that the Defendant's jail credits commenced on March 22, 2005, the date of the offense, instead of August 19, 2005, when the arrest warrant was served. *See* Attachment 3 and 4. The State did not reject the amount of time served, but actually extended the jail time credit. [] The judgment and sentence in each case reflects that he was awarded the appropriate time. *See* Attachments 5-7. Based on the foregoing, the Court deems this allegation to be without merit and, it is, therefore denied.

Exh. 6 at 6-7. The appellate court *per curiam* affirmed the post-conviction court's order.

The Court finds that the state courts' decisions were neither contrary to nor an unreasonable application of federal law, and did not involve an unreasonable determination of facts in light of the evidence. This Court agrees that the record belies Petitioner's allegations. The record establishes that defense counsel's conduct was reasonable. To the extent Petitioner faults defense counsel for not filing a motion to withdraw the plea, the post-conviction court found that the filing a motion to withdraw would have been improper under Florida Rules of Criminal Procedure. Defense counsel cannot be deemed to have rendered ineffective assistance for failing to have raised a meritless issue. See generally Chandler v. Moore, 240 F.3d 907, 917 (11th Cir. 2001)(finding that counsel's performance was not ineffective for failing to raise meritless issue). Further, to the extent Petitioner claims defense counsel rendered ineffective assistance by failing to participate in the plea colloquy and failed to inform him of the nature of the offenses, the record shows that Petitioner understood the charges and the sentence he faced if he entered a plea of *nolo contendere*. See Stano v. Dugger, 912 F.2d 1125, 1142 (11th Cir. 1991)(stating "[t]he defendant does not necessarily need to be told the nature of the offense and elements of the crime at the actual plea proceedings; a knowing and intelligent guilty plea may be entered on the basis of the receipt of this information, generally from defense counsel, before the plea proceedings). With regard to the

alleged miscalculation in Petitioner's sentence, this claim involves matters of only state law: whether the State allegedly violated its own sentencing procedures. This Court cannot conduct an examination of an issue concerning State law. See Branan v. Booth, 861 F.2d 1507, 1508 (11th Cir. 1988); see also Robinson v. Sec'y Dep't of Corrections, Slip Copy, 2008 WL 508211 (M.D. Fla. Feb. 21, 2008). Specifically, the courts have consistently held that "[i]n the area of state sentencing guidelines . . . [a] federal court can not [sic] review a state's alleged failure to adhere to its own sentencing procedures." Id. (other citations omitted). Further, the post-conviction court, in denying Petitioner relief on this claim, pointed out that the sentence imposed in fact benefitted Petitioner by giving him credit for five additional months in jail. Based on the foregoing, Petitioner is denied relief on ground four. ACCORDINGLY, it is hereby

**ORDERED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED.**

2. The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

### CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

denial of his petition.  28 U.S.C. § 2253(c)(1).  Rather, a district court must first issue a certificate of appealability (COA).  Id.  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** in Fort Myers, Florida, on this 22nd day of February, 2010.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

SA: alj

Copies: All Parties of Record

-19-